[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13612
Non-Argument Calendar
_____

D. C. Docket No. 04-00183-CV-1-DHB

ROBERT DIXON,

Plaintiff-Appellant,

versus

CHIEF TOOLE,
FNU JOHNSON,
Captain,
FNU HUFFMAN,
Captain,
SARGEANT JOHN DOE,
in their individual capacities,
SARGEANT JANE DOE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 4, 2007)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Robert Dixon, a Georgia prisoner proceeding *pro se*, appeals the district court's grant of summary judgment on his claims of excessive force and unsafe conditions of confinement, brought pursuant to 42 U.S.C. § 1983. On appeal, Dixon argues that the defendants violated his Eighth Amendment rights by placing him in a stripped "suicide cell" for two days and requiring him to wear only a paper gown, placing him in an observation cell with inmates infected with both HIV and Hepatitis-C, and keeping him in restraints for 17.5 hours.

We review a district court's grant of summary judgment *de novo*. *Cash v. Smith*, 231 F.3d 1301, 1304 (11th Cir. 2000). "Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* at 1305 (quotations and citation omitted). We must view the facts in a light most favorable to the non-moving party. *See id.* Arguments not raised on appeal are deemed abandoned. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

The Eighth Amendment, applicable to the states through the Fourteenth Amendment, forbids cruel and unusual punishments. U.S. CONST. amend. VIII;

*Chandler v. Crosby*, 379 F.3d 1278, 1289 n.20 (11th Cir. 2004). The amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined." *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003). "However, not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Id.* (quotation and citation omitted). "[T]he Eighth Amendment imposes a narrow restriction- 'cruel and unusual'-on only a limited sphere of prison administrative conduct- 'punishment.'" *Miller v. King*, 384 F.3d 1248, 1274 (11th Cir. 2004), *vacated on other grounds*, 449 F.3d 1149 (11th Cir. 2006).

The Prisoner Litigation Reform Act ("PLRA") provides that:

[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Though § 1997e(e) does not define physical injury, we have held that, in order to satisfy the statute, "the physical injury must be more than de minimis, but need not be significant." *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *op. reinstated in part on reh'g*, 216 F.3d 970 (2000) (finding that a "dry shave" was not the kind of physical injury cognizable under 1997e(e)); *see also Nolin v. Isbell*, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000) (bruises received during an arrest were non-actionable *de minimis* injury) (Fourth

3

Amendment excessive force claim).

After reviewing the record, we conclude that the district court did not err in finding that Dixon's claims for compensatory damages did not surmount § 1997e's bar because he failed to put forth evidence of physical injury besides discomfort. Dixon asserted that sleeping on a concrete platform aggravated preexisting injuries and exposure to Inmate Jeff Sanders resulted in his contracting Hepatitis-C. However, he did not put forth any evidence that his injuries had worsened or that he contracted Hepatitis-C. Dixon averred that his time in restraints resulted in welts; however, mere bruising from the application of restraints is only a *de minimis* injury. Thus, Dixon's claims for compensatory damages fail. The district court found that Dixon's injunctive relief claims were moot, and Dixon abandoned any challenge to that finding by not arguing the point here. Moreover, our review of the complaint reveals that Dixon sought no other specific forms of injunctive relief. Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**