[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15101
Non-Argument Calendar

_____

D. C. Docket No. 03-00307-CV-CAR-5

DANNY J. HICKS,

Plaintiff-Appellant,

versus

JOE FERRERO,
et al.,

Defendants,

RALPH BATTLE,
ARTHUR J. GORDON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 3, 2008)

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Danny J. Hicks, a state prisoner proceeding *pro se*, appeals from a judgment entered on a jury verdict rendered in favor of the defendants, Ralph Battle, the warden at Bostick State Prison ("BSP") in Georgia, and Arthur Gordon, deputy warden at BSP, on Hicks's First Amendment retaliation claim.

On appeal, Hicks argues first that the district court abused its discretion in denying his requests for counsel prior to trial. Second, he argues that the court erred in finding that he could not recover compensatory damages under 42 U.S.C. § 1997e(e) on his retaliation claim. Third, he contends that the court erred in admitting defense exhibits at trial because the defendants failed to disclose the exhibits to him and the exhibits were unfairly prejudicial and cumulative. Fourth, he argues that the court plainly erred in instructing the jury on his burden of proving his claim by a preponderance of the evidence. Finally, Hicks argues that he was unfairly prejudiced by his unclean appearance at trial and because the trial judge yelled at him and limited his questioning of the defendants during their testimony.

I.

We review a district court's decision to deny a plaintiff's motion for

appointment of counsel for an abuse of discretion.  *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).  Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making the decision and should only appoint counsel in exceptional circumstances.  *Id.*  We previously have affirmed the district court's denial of a plaintiff's motion to appoint counsel, which required the plaintiff to represent himself *pro se* at a trial on his 42 U.S.C. § 1983 suit.  *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).  In doing so, we noted that the plaintiff demonstrated that he was "an accomplished writ writer who was capable of representing himself adequately," and his "claims [were] relatively straightforward and involve[d] incidents which took place in the prison, most of which plaintiff witnessed himself."  *Id.*

Here, we conclude from the record that the district court did not abuse its discretion in denying Hicks's multiple requests for counsel because exceptional circumstances did not exist.  Because Hicks demonstrated the ability to represent himself and his retaliation claim against the two defendants was straightforward, the denial of his requests for counsel was within the district court's discretion.

II.

We review questions of law *de novo*.  *McCoy v. Webster*, 47 F.3d 404, 406 (11th Cir. 1995).  A district court's refusal to give a plaintiff's requested jury

instruction regarding damages is harmless if the jury determined that the defendants were not liable and therefore never considered the issue of damages. *Jennings v. BIC Corp.*, 181 F.3d 1250, 1260 (11th Cir. 1999).

"[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." *Slicker v. Jackson*, 215 F.3d 1225, 1229 (11th Cir. 2000). Such damages may be based on monetary loss, physical pain and suffering, mental and emotional distress, impairment of reputation, or personal humiliation. *Id.* at 1231. However, pursuant to 42 U.S.C. § 1997e(e), a prisoner bringing a § 1983 action must demonstrate more than *de minimus* physical injury in order to recover for mental or emotional injury suffered while in custody. *Dixon v.* Toole, 225 Fed. Appx. 797, 799 (11th Cir. 2007); *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir.), *opinion reinstated in part on reh'g,* 216 F.3d 970 (11th Cir. 2000).

We conclude from the record that the district court did not err in determining that Hicks could not recover compensatory damages on his First Amendment retaliation claim. He did not allege any physical injury, monetary loss, or other actual injury related to the retaliation claim. Even assuming that he suffered some mental or emotional injury from the alleged retaliation, § 1997e(e) barred him from

4

recovering compensatory damages for such an injury because he did not allege any physical injury. In any event, any possible error in the court's damages instructions was harmless because the jury found that the defendants did not violate Hicks's First Amendment rights.

III.

"We review a district court's evidentiary rulings for abuse of discretion." *United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992). If a party fails to object to evidence introduced at trial, we will review the admission of the evidence for plain error only. *See Wilson v. Attaway*, 757 F.2d 1227, 1242 (11th Cir. 1985).

All relevant evidence, or evidence that makes a fact of consequence more or less probable, is generally admissible at trial. Fed. R. Evid. 401, 402. Under Rule 403, otherwise relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Because Rule 403 allows the exclusion of otherwise probative evidence, it must only be used sparingly and the district court must strike the balance in favor of admissibility. *Fortenberry*, 971 F.2d at 721.

First, the record does not support Hicks's claim that the defendants never

disclosed to him sentencing reports or any other exhibits that they used at trial.

Second, we conclude that the district court did not abuse its discretion in admitting evidence of Hicks's criminal history, escape from prison, and possession of a knife in prison. This evidence was relevant to the defendants' argument that they increased Hicks's security classification for legitimate reasons, and the record does not demonstrate that its probative value was substantially outweighed by the danger of unfair prejudice or that it was needlessly cumulative. Therefore, we conclude that the district court acted within its discretion in admitting this evidence.

## IV.

Generally, if a party failed to object to a district court's jury instructions, we will review the instructions for plain error only. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999) (citing Fed.R.Civ.P. 51). Under the plain error standard, there must be: (1) error; (2) that was plain; (3) that affected a party's substantial rights; and (4) failure to correct the error would "seriously affect the fairness of the judicial proceeding." *Id.*

If the district court's instructions accurately reflect the law, then it "is given wide discretion as to the style and wording employed in its instruction." *Bogle v. McClure*, 332 F.3d 1347, 1356-57 (11th Cir. 2003). According to the conventional

6

rule of civil litigation, a plaintiff must prove his case by a preponderance of the evidence. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99, 123 S. Ct. 2148, 2154, 156 L. Ed. 2d 84 (2003). Thus, in the § 1983 context, a plaintiff must prove that it is more likely than not that the defendant violated his constitutional rights. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. __, __, 127 S. Ct. 2499, 2513, 168 L. Ed. 2d 179 (2007).

We conclude from the record that the district court did not plainly err in instructing the jury on Hicks's burden of proof. The initial instruction on burden of proof correctly stated the legal standard, and the court's reminder to the jury about the preponderance standard, in response to a jury question, was not erroneous or prejudicial to Hicks. Thus, the record does not reveal any plain error in this regard.

V.

If a party does not timely object to a trial judge's actions at trial, such as when the jury is not present, we will review the actions for plain error only. *Watkins v. Bowden*, 105 F.3d 1344, 1352 n.16 (11th Cir. 1997).

A trial judge has the duty to "prevent injustice" and "guard the integrity and fairness of the proceedings before him." *Christopher v. Florida*, 449 F.3d 1360, 1366 n.4 (11th Cir. 2006). "Comments by the trial judge will cause reversal only

where the comments excite a prejudice which would preclude a fair and dispassionate consideration of the evidence." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1180-81 (11th Cir. 2002) (internal quotations and citation omitted). "It has long been recognized and frequently reaffirmed that a federal trial judge is not relegated to the position of a mere moderator, but may, by timely interventions, elicit testimony from witnesses, comment on the evidence to the jury, and limit the questioning of counsel." *United States v. Cheramie*, 520 F.2d 325, 333 (5th Cir. 1975) (citation omitted).[1] In exercising these powers, the judge should avoid assuming the role of an advocate. *Watkins*, 105 F.3d at 1352 n.16.

Initially, we note that Hicks never raised any error at trial regarding his unclean appearance, the judge yelling at him, or the judge limiting his questioning of the defendants.[2] Moreover, review of the record does not reveal that Hicks was, in fact, "stinky and nasty" at trial or that the judge yelled at him. Even assuming that those factual allegations are true, the record reveals no prejudice stemming therefrom. Additionally, the judge acted within his power in limiting Hicks's

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] Although Hicks raised some of these errors in his motion for a new trial, the district court's denial of that motion came after he filed the notice of appeal and thus, is not properly before us on appeal. *See* Fed. R. App. P. 4(a)(4)(B)(i); *Bogle v. Orange County Bd. of County Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998).

questioning of the defendants, when they were testifying as witnesses.  Therefore, we conclude that none of these alleged sources of prejudice constituted plain error.

For the above-stated reasons, we affirm the district court's judgment entered in favor of the defendants on the jury verdict.

**AFFIRMED.**